UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case: 1:16-cv-01277 (F-Deck) |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 6/23/2016 |
| ) | Description: Pro Se Gen. Civil |
| ) | |
| U.S. PAROLE COMMISSION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiffs' applications to proceed *in forma pauperis* and *pro se* civil complaint. Notwithstanding the Court's obligation to construe a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has "the authority to dismiss a claim based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This is such a case.

The plaintiffs raise a meritless challenge to the authority of the United States Parole Commission to execute violator warrants, to return violators to custody, to conduct probable cause and revocation hearings, to forfeit "street time," and to impose new terms of parole or supervised release. *See Taylor v. U.S. Parole Comm'n*, 860 F. Supp. 2d 13, 16 (D.D.C. 2012) ("The Parole Commission has the authority both to revoke supervised release and return a releasee to custody, as well as to impose a new term of supervised release following his release from custody."); *Taylor v. Hollingsworth*, No. CIV A DKC-07-970, 2007 WL 5614097, at *2 (D. Md. Oct. 29, 2007) (noting Parole Commission's "authority to make revocation decisions for

1

D.C. offenders such as Petitioner who were placed on supervised release"), *aff'd,* 280 F. App'x 294 (4th Cir. 2008). This complaint is frivolous and therefore it must be dismissed. *See* 28 U.S.C. § 1915(e)(1)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

/s/ _____
United States District Judge

DATE: 6/21/16